IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Jose Lopez Mata,                          ) | |
|                       Plaintiff,    ) | |
| v.                                                    ) | |
|                               ) | |
| Makou Inc. and Maqsood Khan,     ) | |
|                               ) | |
|                   Defendants.    ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE U.S. DISTRICT JUDGE:

Plaintiff Jose Lopez Mata ("Plaintiff") brings this action against Defendants Makou Inc. ("Makou") and Maqsood Khan (cumulatively "Defendants"), and in support thereof, would show the Court as follows:

### Introduction

1. Plaintiff brings this action for unpaid wage compensation and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201, et seq. Plaintiff seeks damages for unpaid wages, liquidated damages, and reasonable attorneys' fees and costs.

### Jurisdiction, Venue, and Parties

2. Jurisdiction is conferred on this Court by 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendants operated their business in Arlington, Tarrant County, Texas, and Plaintiff worked for Defendants in Arlington, Tarrant County, Texas.

4. Plaintiff is an individual who resides in Arlington, Tarrant County, Texas.

5. Defendant Makou is a corporation, formed and existing under the laws of the State of Texas, and at all times material to this complaint, maintained and operated a business in Arlington, Texas.

6. Defendant Maqsood Khanis a resident of Texas, and was the President of Makou at all relevant times.

### Facts

7. Makou is a general contractor and an employer as defined by 29 U.S.C. § 203(d).

8. Makou has employees subject to the provisions of 29 U.S.C. § 206.

9. At all times material to this complaint, Makou employed two or more employees and, upon information and belief, had an annual dollar volume of sales or business done of at least $500,000.

10. At all times material here to, Defendant Maqsood Khan actively ran the business of Makou on a day-to-day basis; acted directly or indirectly in the interest of Makou in relation to Plaintiff's employment; and/or were substantially in control of the terms and conditions of Plaintiff's work.

11. Defendant Maqsood Khan had the ability to hire and fire employees, supervised or controlled employees' work schedules and conditions of employment, and/or determined the rate and method of payment of wages to employees. Defendant Maqsood Khan was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

12.  Plaintiff's alleges the following related to his employment by Defendants:

   a) he acted as a machine operator;

   b) he began working in 2015, and his last day of work was on or about October 2021;

   c) he received no tips;

   d) he worked 58-60 hours per week on average;

   e) his wages were $20.00 per hour; and

   f) he did not receive time and a half for hours he worked in excess of 40 in any work week.

13. Plaintiff was at all times materially individually engaged in interstate commerce, as her/his work was directly related to the building of structures with materials shipped in interstate commerce.

14. Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 7 and 15 of the FLSA by failing to compensate Plaintiff at a rate not less than one and one-half times her regular pay rate of pay for each hour worked in excess of 40 hours in a workweek.

15. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime wages that should have been paid but were not paid.

16. Defendants failed to act reasonably to comply with the FLSA, and as such, Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid wages deemed to be owed pursuant to 29 U.S.C. § 216(b).

17. Plaintiff is also entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees, and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

18. Plaintiff has retained the law firm of Justicia Laboral LLC to represent him/her in this action. Plaintiff has entered into a valid contract with Justicia Laboral LLC and has appointed the undersigned counsel to be his/her agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff. To avoid tortious interference with Plaintiff's obligations to her attorneys in this suit, all communications concerning this suit must be made by Defendants' attorneys solely to and through the undersigned counsel. Plaintiff's contract with and representation by the undersigned attorney gives rise to a claim for reasonable and necessary attorneys' fees that Plaintiff is entitled to collect against Defendants pursuant to 29 U.S.C. § 216(b).

### Request for Relief

For these reasons, Plaintiff demands judgment, jointly and severally, against Defendants as follows:

a. Unpaid overtime wages and/or minimum wages found to be due and owing, totaling at least $30,400.00;

b. An additional amount equal to the amount of overtime wages and/or minimum wages found to be due and owing as liquidated damages;

c. Prejudgment interest in the event liquidated damages are not awarded;

d. Reasonable attorneys' fees, costs, expert fees, mediator fees, and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. §216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and

e. For any such other relief as the Court may find proper, whether at law or in equity.

**Plaintiff(s) request trial by jury for all counts where allowed**

s/   James M. Dore

**Justicia Laboral LLC**
**James M. Dore (IL Bar # 6296265)**
*Attorneys for Plaintiffs*
6232 N. Pulaski Road, Suite 300
Chicago, IL. 60646
P: 773-942-9415 ext 105
E: jdore@justicialaboral.com; Jmdore70@sbcglobal.net